**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| CHARLES E. ALFORD,<br><br>*Plaintiff,*<br><br>v.<br><br>TRUEACCORD CORP., COMCAST CORPORATION,<br><br>*Defendants.* | HONORABLE KAREN M. WILLIAMS<br><br>No. 25-14716 (KMW-SAK)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

**THIS MATTER** comes before the Court by way of *pro se* Plaintiff Charles E. Alford's ("Plaintiff") Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application") (Dkt. No. 1-2) pursuant to 28 U.S.C. § 1915(a)(1); and

**THE COURT NOTING** that, having reviewed Plaintiff's IFP Application, Plaintiff declares that his average monthly income is $270.00 and his average monthly expenses are approximately $270.00. IFP Application ¶ 1, 8. Plaintiff does not have other liquid assets, nor does he list a spouse to contribute income or share in expenses, ¶¶ 1-8; and

**THE COURT FINDING** that that Plaintiff's monthly income, savings, and expenses as set forth in his IFP Application establish that he cannot pay the costs of litigation, the Court **GRANTS** the IFP application. The Court is now required to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B),[1] and dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or otherwise seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's Fair Credit Reporting Act ("FCRA") claim (Count II) against Defendant Comcast

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

Corporation ("Comcast") is dismissed without prejudice and with leave to amend. The Court will permit Plaintiff's Fair Debt Collection Practices Act ("FDCPA") claim (Count I) against Defendant TrueAccord Corp. ("TrueAccord") and his intrusion-upon-seclusion claim (Count III) against both Defendants to proceed; and

**WHEREAS**, Plaintiff alleges that on or about December 17, 2024, he received a collection letter from Harris & Harris, Ltd. concerning an alleged Comcast balance of $679.18. (Compl., ¶ 9, Dkt. No. 1.) Plaintiff asserts that on January 28, 2025, he timely disputed the debt and requested validation under 15 U.S.C. § 1692g(b), that Harris & Harris failed to validate the debt, and that the account was subsequently closed. (*Id.*, ¶¶ 10-11.) Plaintiff alleges that Comcast nonetheless reassigned the same debt to TrueAccord on or about April 25, 2025. (*Id.*, ¶ 16); and

**WHEREAS**, Plaintiff further alleges that TrueAccord sent a collection letter dated April 28, 2025, and that Plaintiff submitted a dispute and cease-contact request to TrueAccord on May 22, 2025. (*Id.*, ¶¶ 18-19.) He alleges TrueAccord acknowledged the dispute but did not provide validation as required, and that TrueAccord contacted Plaintiff's wife at her workplace. (*Id.*, ¶¶ 20-23.) Plaintiff also alleges that Comcast representatives later left voicemails on Plaintiff's wife's phone on June 12 and 13, 2025, after Plaintiff sent cease-and-desist correspondence to Comcast. (*Id.*, ¶¶ 24-25); and

**WHEREAS**, Plaintiff's Complaint asserts three counts: (1) FDCPA violations against TrueAccord (Count I); (2) FCRA violations against Comcast (Count II); and (3) intrusion upon seclusion under New Jersey common law against both Defendants (Count III). (*See id.*, ¶¶ 28-37); and

**WHEREAS**, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

2

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While detailed factual allegations are not required, the pleading must provide more than labels, conclusions, or a formulaic recitation of the elements. *Twombly*, 550 U.S. at 555; and

**WHEREAS**, Plaintiff is proceeding pro se, the Court construes the Complaint liberally and holds it to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013); and

**WHEREAS**, the FDCPA prohibits certain conduct by "debt collectors" in connection with collection of consumer debts. 15 U.S.C. § 1692, *et seq.* To state an FDCPA claim, a plaintiff generally must allege that: (1) he is a consumer; (2) the defendant is a debt collector; and (3) the defendant's challenged conduct involves an attempt to collect a debt and violates the FDCPA. *See, e.g., Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014); and

**WHEREAS**, here, Plaintiff alleges he is a "consumer" and that TrueAccord is a third-party debt collection agency. (Compl., ¶¶ 6-7.) He further alleges that after disputing the debt and requesting validation, TrueAccord acknowledged receipt of the dispute but did not provide validation and continued collection activity. (*Id.*, ¶¶ 18-21.) Plaintiff also alleges TrueAccord contacted Plaintiff's wife at her workplace, and that TrueAccord admitted in a Consumer Financial Protection Bureau ("CFPB") response that it called the number provided by Comcast, which was his wife's work phone. (*Id.*, ¶¶ 21-23); and

**THE COURT FINDING** that, liberally construed, these allegations plausibly state claims under 15 U.S.C. § 1692g(b) (failure to cease collection pending validation after timely dispute) and 15 U.S.C. § 1692c(b) (third-party communications). *See Twombly*, 550 U.S. at 555. At

screening, the Court does not resolve factual disputes concerning the scope of TrueAccord's conduct or Plaintiff's damages. Accordingly, Plaintiff's FDCPA claim against TrueAccord will be permitted to proceed; and

**WHEREAS**, Plaintiff alleges Comcast violated "15 U.S.C. § 1681s-2" by "reassigning and reporting a disputed and unvalidated debt," failing to investigate, and furnishing inaccurate information. (Compl., ¶ 33.) Section 1681s-2 imposes duties on furnishers of information to consumer reporting agencies. However, private plaintiffs may not sue to enforce the duties in § 1681s-2(a). *See SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 358 (3d Cir. 2011). A private right of action exists, if at all, under § 1681s-2(b), but those duties are triggered only after the furnisher receives notice of a dispute from a consumer reporting agency—not merely from the consumer. *Id.* at 358–59; and

**WHEREAS**, here, the Complaint does not allege that Plaintiff disputed the Comcast account with a consumer reporting agency, nor does it allege that a consumer reporting agency provided Comcast notice of such a dispute. (*See generally* Compl.) Instead, Plaintiff alleges he disputed the debt with debt collectors and sent correspondence directly to Comcast. (*Id.*, ¶¶ 25-26); and

**THE COURT FINDING** that, absent allegations of consumer reporting agency notice, Plaintiff has not plausibly stated a claim under § 1681s-2(b). Accordingly, the Court dismisses Count II for failure to state a claim. Because this deficiency may be curable by amendment, the dismissal is without prejudice, and Plaintiff is granted leave to file an amended complaint that alleges, if true, facts showing: (1) he disputed the Comcast tradeline with one or more consumer reporting agencies; (2) the agency or agencies notified Comcast; and (3) Comcast failed to comply with its obligations after such notice; and

**WHEREAS**, to state a claim for intrusion upon seclusion under New Jersey law, a plaintiff must allege an intentional intrusion, "physically or otherwise," upon the solitude or seclusion of another or his private affairs, where the intrusion would be highly offensive to a reasonable person. *See Restatement (Second) of Torts* § 652B; *see also Bisbee v. John C. Conover Agency, Inc.*, 186 N.J. Super. 335, 340 (App. Div. 1982); and

**THE COURT FINDING** that, here, Plaintiff alleges repeated unauthorized contacts to his spouse, including calls to her workplace and personal phone, causing humiliation and distress. (*Id.*, ¶¶ 21, 36.) At the pleading stage, these allegations plausibly describe intrusive conduct that could be found highly offensive to a reasonable person, particularly where a plaintiff alleges continuing contact after disputes and cease-contact notices. (*See id.*, ¶¶ 23, 25, 36-37.) Accordingly, Plaintiff's intrusion-upon-seclusion claim (Count III) will be permitted to proceed as to both Defendants.

**CONSEQUENTLY**, for all the foregoing reasons, and for good cause shown;

IT IS on this 18 day of **December**, 2025, hereby:

**ORDERED** that Plaintiff's IFP application (Dkt. No. 1-2) is **GRANTED**; and further

**ORDERED** that Counts I (FDCPA) and III (intrusion-upon-seclusion) of Plaintiff's Complaint (Dkt. No. 1) may proceed. The Clerk of Court shall file the Complaint and issue a summons. The U.S. Marshall shall serve a copy of the Complaint, summons and this Order upon Defendants as directed by Plaintiff. All costs of service shall be advanced by the United States; and further

**ORDERED** that Count II (FCRA) of Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED without prejudice**. Plaintiff is granted leave to amend his Complaint within 30 days of issuance of this order to address the deficiencies noted herein; and further

**ORDERED** that the Clerk of Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

*[signature]*
KAREN M. WILLIAMS
UNITED STATES DISTRICT JUDGE